**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY LIONEL WHITE,

Plaintiff,

v.

BOARD OF PRISON TERMS,

Defendant.
_______________________________/

No. C 13-949 SI (pr)

**ORDER TO SHOW CAUSE RE. STATUTE OF LIMITATIONS PROBLEM**

## INTRODUCTION

Larry Lionel White, an inmate currently incarcerated at the California State Prison in Lancaster, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He filed a complaint, a first amended complaint, a second amended complaint and a third amended complaint within about six weeks. His third amended complaint supersedes the earlier pleadings and is the operative pleading. The third amended complaint complains of events and omissions that occurred in 1988-1989. Specifically, White alleges that, even though he had never served a prison term in California or been put on parole in California, he was unlawfully taken into custody and sent to prison from June 24, 1988 through June 21, 1989 for a one-year parole violation in California. *See* Docket # 9, p. 3. The court will require White to address the apparent untimeliness of his claim before considering whether the action should proceed any further.

**United States District Court**
For the Northern District of California

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is now two years, and the statute of limitations period for § 1983 claims is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802. It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers*, 174 F.3d at 991-92; *Elliott*, 25 F.3d at 802. The statute of limitations period generally begins when a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only for a plaintiff who is in prison "for a term less than for life" and is under the disability at the time the cause of action accrues. *See* Cal. Civ. Proc. Code § 352.1.

**United States District Court**
For the Northern District of California

The limitations period may be subject to equitable tolling. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court.

Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the third amended complaint because this action was filed more than *twenty-three years* after the acts and omissions alleged in the third amended complaint occurred. White must file a response to this order, showing cause why the action should not be dismissed as time-barred. Of course, White is not limited to arguing only equitable tolling – he may submit any argument he has to show that the statute of limitations does not bar this action.

White has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED. (Docket # 6, # 8.)

United States District Court
For the Northern District of California

## CONCLUSION

The third amended complaint appears to be time-barred. White must file a written response no later than **May 31, 2013** showing cause why this action should not be dismissed as barred by the statute of limitations. Failure to file the response by the deadline will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: April 18, 2013

SUSAN ILLSTON
United States District Judge