UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LIONEL WHITE, | No. C 13-949 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| BOARD OF PRISON TERMS, | |
| Defendant. | |

## INTRODUCTION

Larry Lionel White filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. In his third amended complaint, he complained of events and omissions that occurred in 1988-1989. Specifically, White alleged that, even though he had never served a prison term in California or been put on parole in California, he was unlawfully taken into custody and sent to prison from June 24, 1988 through June 21, 1989 for a one-year parole violation in California. *See* Docket # 9, p. 3. After noting the apparent untimeliness of the claim, the court issued an order that explained the statute of limitations and tolling provisions, and required White to show cause why the action should not be dismissed as barred by the statute of limitations. *See* Docket # 10. White then filed a response in which he stated that, while researching an appeal for another conviction during the last year, he "accumulated a copy of prior record arrests documentation attached to probation report issued from the City and County of San Francisco Department of Probation. White then became knowledgeable of the facts afterwards to support

1 the cause of injury in this action." Docket # 12, p. 1 (errors in source). For the reasons 2 discussed below, the court finds that his response to the order to show cause does not overcome 3 the obvious untimeliness of this action filed more than 23 years after the complained-of events 4 occurred.

## DISCUSSION

Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is now two years, and the statute of limitations period for § 1983 claims is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802. White's claim accrued so long ago that it is subject to a one-year limitation because until 2003, the residual limitations period for personal injury actions in California was one year. *See Maldonado*, 370 F.3d at 954; former Cal. Civ. Proc. Code § 340(3). It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999); *Elliott*, 25 F.3d at 802. The statute of limitations period generally begins when a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

White's cause of action accrued no later than June 21, 1989, when he allegedly finished his wrongful imprisonment. (It may have accrued earlier, but that would only make this action even more untimely.) The statute of limitations generally begins only once a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979). But the plaintiff must be diligent in discovering the critical facts. *See Bibeau v. Pacific Northwest Research Found.*,

188 F.3d 1105, 1108 (9th Cir. 1999), *amended*, 208 F.3d 831 (9th Cir. 2000). The nature of White's claim – that he was wrongly imprisoned – is such that he would have been aware of it as it occurred. One cannot help but notice that one has been put in prison. To the extent he suggests that he didn't realize until recently that his imprisonment 23 years ago was unlawful, he would not be entitled to a delayed accrual of the limitations period because he has not shown any diligence in attempting to learn the allegedly improper cause of his imprisonment that happened more than 23 years ago. He has not shown entitlement to any delayed accrual date for the start of the limitations period.

Even if White was entitled to tolling of the limitations period for the disability of imprisonment, that disability would toll the limitations period for a maximum of two years. *See* Cal. Civ. Proc. Code § 352.1. (He might receive less tolling than two years because he apparently was released from custody in 1989.)

White has not shown any reason to toll the limitations period. His response to the order to show cause suggests that the events happened so long ago that he forgot about them until he recently was reminded of them by perusing his criminal history records. Forgetting about a wrong does not provide a reason to toll the limitations period.

White had a one-year limitations period plus a maximum of two years for the disability of imprisonment to file an action for his claims that accrued no later than June 21, 1989, i.e., he had to file his action no later than June 21, 1992. He missed that deadline by more than two decades. This action is untimely. Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984).

/ / /

/ / /

**CONCLUSION**

This action is dismissed as barred by the statute of limitations. The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 10, 2013

_____
SUSAN ILLSTON
United States District Judge